UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| IN RE: AT&T INC. CUSTOMER DATA SECURITY BREACH LITIGATION | Case No. 3:24-cv-00757-E |
| | MDL DOCKET NO. 3:24-md-03114-E |
| *This Document Relates to All Cases* | |

# PRELIMINARY APPROVAL ORDER

WHEREAS, this Action[1] is a putative class action before this Court;

WHEREAS, Plaintiffs, individually, and on behalf of the proposed Settlement Classes, and AT&T have entered into the Settlement Agreement, which is subject to review and approval by the Court under Federal Rule of Civil Procedure 23, and which, together with its exhibits, provides for a complete dismissal on the merits and with prejudice of the claims asserted in the Action against AT&T should the Court grant Final Approval of the Settlement;

WHEREAS, Plaintiffs filed an unopposed motion requesting entry of an order to: (1) conditionally certify the Settlement Classes; (2) appoint Plaintiffs as Class Representatives; (3) appoint W. Mark Lanier, Chris Seeger, Shauna Itri, Jean Martin, James Cecchi, and Sean Modjarrad as AT&T 1 Class Counsel, and J. Devlan Geddes, Raph Graybill, John Heenan, Jeff Ostrow, and Jason S. Rathod as AT&T 2

---

[1] The capitalized terms herein have the same meanings as those defined in Section II of the Settlement Agreement, a copy of which is attached to the Motion for Preliminary Approval as *Exhibit A*.

Class Counsel; (4) preliminarily approve the Settlement; (5) approve the Notice Program and Notices and direct that Notice be sent to the Settlement Classes; (6) approve the Claim Form and Claims Process; (7) approve the Settlement's opt-out and objection procedures; (8) appoint Kroll Settlement Administration, LLC, as the Settlement Administrator; (9) stay all deadlines in the Action pending Final Approval of the Settlement; (10) enjoin and bar all members of the Settlement Classes from initiating or continuing in any litigation or arbitration or asserting any claims against AT&T and the Released Parties arising out of, relating to, or in connection with the Released Claims prior to the Court's decision to grant Final Approval of the Settlement; and (11) set a date for the Final Approval Hearing; and

WHEREAS, the Court having reviewed the Motion along with the Settlement and its exhibits, finds that substantial and efficient grounds exist for entering this Preliminary Approval Order granting the relief requested.

NOW, THEREFORE, IT IS HEREBY ORDERED:

1. **<u>Settlement Class Certification:</u>** Pursuant to Federal Rules of Civil Procedure Rules 23(a), 23(b)(3), and 23(e), and for purposes of settlement only, the Action is hereby preliminarily certified as a class action on behalf of the following Settlement Classes

The AT&T 1 Settlement Class consists of:

[A]ll living persons in the United States whose AT&T 1 Data Elements were included in the AT&T 1 Data Incident.

Excluded from the AT&T 1 Settlement Class are (a) AT&T, any entity in which AT&T has a controlling interest, and AT&T's officers, directors, legal representatives, successors, subsidiaries, and assigns; (b) any judge, justice, or judicial officer presiding over this Action, and the members of their immediate families and judicial staff; (c) any persons who have Released Claims relating to the AT&T 1 Data Incident and/or the AT&T 1 Action prior to Final Approval; and (d) any persons who timely opt out of the AT&T 1 Settlement Class.

The AT&T 2 Settlement Class is defined as:

AT&T Account Owners or Line or End Users whose AT&T 2 Data Elements were involved in the AT&T 2 Data Incident.

Excluded from the AT&T 2 Settlement Class are (a) AT&T, any entity in which AT&T has a controlling interest, and AT&T's officers, directors, legal representatives, successors, subsidiaries, and assigns; (b) any judge, justice, or judicial officer presiding over this Action, and the members of their immediate families and judicial staff; (c) any persons who have Released Claims relating to the AT&T 2 Data Incident and/or the AT&T 2 Action prior to Final Approval; and (d) any persons who timely opt-out of the AT&T 2 Settlement Class.

2. **Settlement Class Findings:** The Court finds, for purposes of settlement only, and without any adjudication on the merits, that the prerequisites for certifying the Action as a class action under Federal Rules of Civil Procedure

23(a), 23(b)(3), and 23(e) have been satisfied, and that the Court will likely certify at the Final Approval stage the Settlement Classes.

3. As to Rule 23(a), the Court finds that: (a) the number of Settlement Class Members is so numerous that joinder is impracticable; (b) there are questions of law and fact common to the Settlement Classes; (c) the claims of the proposed Class Representatives are typical of the claims of the Settlement Classes; and (d) the proposed Class Representatives and Class Counsel have and will fairly and adequately represent the interests of the Settlement Classes.

4. As to Rule 23(b)(3), the Court finds that questions of law and fact common to the Settlement Classes predominate over any questions affecting individual members. Also, a class action is superior to other available methods for fairly and efficiently adjudicating the Action taking into consideration: (i) the lack of evidence of any intent among the Settlement Class Members to individually control the prosecution of separate actions; (ii) the small value of the claims of many of the individual Settlement Class Members making the pursuit of individual actions cost prohibitive for most Settlement Class Members; and (iv) the similarity of the Settlement Class Members' claims involving substantially identical proofs. *See* Fed. R. Civ. P. 23(b)(3).

5. **Preliminary Approval of the Settlement:** The Court hereby preliminarily approves the Settlement, as embodied in the Agreement, as being fair,

reasonable, and adequate, and in the best interest of the named Plaintiffs and the Settlement Classes, subject to further consideration at the Final Approval Hearing to be conducted as described below. The Court finds the Agreement meets the considerations set forth in Rule 23(e)(2) and the Fifth Circuit's *Reed* factors.

6.  Pursuant to Fed. R. Civ. P. 23(e), the terms of the Settlement Agreement (and the Settlement provided for therein) are preliminarily approved and likely to be approved at the Final Approval Hearing because:

>   (A) the class representatives and class counsel have adequately represented the Settlement Classes;
>   (B) the proposal was negotiated at arm's length;
>   (C) the relief provided for the class is fair, reasonable, and adequate, taking into account:
>       (i) the costs, risks, and delay of trial and appeal;
>       (ii) the effectiveness of any proposed method of distributing relief to the class, including the method of processing class-member claims;
>       (iii) the terms of any proposed award of attorneys' fees, including timing of payment; and
>       (iv) any agreement made in connection with the proposal; and
>   (D) the proposal treats class members equitably relative to each other.

Fed. R. Civ. P. 23(e)(2).

7.  The Court also preliminarily finds the Settlement is fair, reasonable, and adequate considering the factors set forth in *Reed v. Gen. Motors Corp.*, 703 F.2d 170, 172 (5th Cir. 1983): (1) existence of fraud or collusion behind the settlement; (2) complexity, expense, and likely duration of the litigation; (3) stage of the proceedings and the amount of discovery completed; (4) probability of

plaintiffs' success on the merits; (5) range of possible recovery; and (6) opinions of class counsel, class representatives, and absent class members. The last *Reed* factor is best addressed after the Settlement Class Members receive Notice of the Settlement.

8. **Settlement Funds:** The Settlement provides for two non-reversionary Settlement Funds consisting of: (a) $149,000,000 in cash for the benefit of the AT&T 1 Settlement Class; and (b) $28,000,000 in cash for the benefit of the AT&T 2 Settlement Class. The Settlement Funds will be used to pay for each class' respective Settlement Class Member Benefits; Settlement Administration Costs; any Court-approved attorneys' fees and costs to Class Counsel; and any Court-approved Service Awards to Plaintiffs for serving as Class Representatives. The Settlement Funds will be created and funded subject to the terms of the Settlement.

9. **Appointment of Class Representatives and Class Counsel:** The Court hereby finds and concludes pursuant to Fed. R. Civ. P. 23(a)(4), and for purposes of settlement only, that Plaintiffs are adequate class representatives and appoints them as Class Representatives for the Settlement Classes.

10. In appointing class counsel, Federal Rule of Civil Procedure 23(g) requires the Court to consider (1) the work counsel have done in identifying or investigating potential claims in the action, (2) counsel's experience in handling class actions, other complex litigation, and the types of claims asserted in the action,

(3) counsel's knowledge of applicable law, and (4) the resources counsel will commit to representing the class. Fed. R. Civ. P. 23(g)(1)(A). The Court may also consider any other matter pertinent to counsel's ability to represent the class. Fed. R. Civ. P. 23(g)(1)(B). The Court finds that proposed Class Counsel and their law firms have expended a reasonable amount of time, effort, and expense investigating the Data Incidents. It is clear from their track records of success, as outlined in their resumes, that Class Counsel are highly skilled and knowledgeable concerning class action practice. For purposes of the Settlement only, and pursuant to Federal Rule of Civil Procedure 23(g)(1), the Court appoints the following individuals to act on behalf of the Settlement Classes with respect to the Settlement: Mark Lanier, Chris Seeger, Shauna Itri, Jean Martin, James Cecchi, and Sean Modjaard as AT&T 1 Class Counsel, and J. Devlan Geddes, Raph Graybill, John Heenan, Jeff Ostrow, and Jason S. Rathod of Migliaccio & Rathod LLP as AT&T 2 Class Counsel.

11. **Settlement Administrator:** Class Counsel are authorized to use Kroll Settlement Administration, LLC as the Settlement Administrator to perform the Settlement Administrator's duties as set out in the Settlement, including to supervise and administer the Notice Program and oversee the Claims Process, as well as to administer the Settlement should the Court grant Final Approval.

12. **Approval of Notice Program and Notices:** The Court approves, as to form and content, the Notice Program, including the Email Notice, Reminder Notice,

Postcard Notice, Publication Notice, and Long Form Notice substantially in the forms attached as exhibits to the Agreement. Non-substantive changes may be made to the Notices by agreement of Parties without further order of this Court. The Court finds that the Notice Program: (a) is the best notice practicable under the circumstances; (b) constitutes notice that is reasonably calculated, under the circumstances, to apprise Settlement Class Members of the pendency of the Action, the terms of the Settlement, the effect of the proposed Settlement (including the Releases contained therein), and their right to opt-out of or to object to the proposed Settlement and appear at the Final Approval Hearing; (c) constitutes due, adequate, and sufficient notice to all persons entitled to receive notice of the proposed Settlement; and (d) satisfies the requirements of Federal Rule of Civil Procedure 23, due process, the rules of this Court, and all other applicable law and rules. The date and time of the Final Approval Hearing shall be posted on the Settlement Website and included in the Notices before they are emailed, mailed, or published.

13.  **<u>Claim Form and Claims Process</u>**: The Court approves the Claim Form as set forth in the Settlement, and the Claims Process to be implemented by the Settlement Administrator. The Claim Form is straightforward and easy to complete, allowing each Settlement Class Member to elect the alternative Settlement Class Member Benefits. Should the Court grant Final Approval of the Settlement, Settlement Class Members who do not opt-out of the Settlement shall be bound by

its terms even if they do not submit Claims.

14. **Dissemination of Notice and Claim Forms:** The Court directs the Settlement Administrator to disseminate the Notices and Claim Form as approved herein. Class Counsel and AT&T's counsel are hereby authorized to use all reasonable procedures in connection with approval and administration of the Settlement that are not materially inconsistent with this order or the Settlement, including making, without the Court's further approval, minor form or content changes to the Notices and Claim Form they jointly agree are reasonable or necessary.

15. **Opt-Outs from the Settlement Classes:** The Notice shall provide that any member of a Settlement Class who wishes to opt-out from the Settlement Class must request exclusion in writing within the time and manner set forth in the Notice. The Notices shall provide that opt-out requests must be sent to the Settlement Administrator and Class Counsel and be postmarked no later than October 17, 2025 (the Opt-Out deadline). The letter requesting to opt-out must include (a) the Settlement Class Member's full legal name; (b) the Settlement Class Member's address, all AT&T telephone number(s) and current telephone number, and current email address; (c) the identity of the Settlement Class Member's counsel, if represented; (d) a handwritten "wet" signature of the Settlement Class Member; (e) the name and number of the case; (f) if the individual is a former AT&T customer,

the Settlement Class Member's AT&T account number(s) or an attestation that the former customer is unable to obtain their AT&T account number(s); and (g) a statement clearly indicating the individual wishes to be excluded from a Settlement Class for the purposes of the Settlement. Requests to opt-out must be made on an individual basis and request exclusion only for that one individual whose personal signature appears on the request; "mass," "class," or other purported group opt-outs, or opt-outs signed by counsel, are not permitted and are not effective. Any individual in the Settlement Classes who does not timely and validly request to opt-out shall be bound by the terms of Agreement even if he or she does not submit a Valid Claim, and even if he or she has pending, or subsequently initiates, litigation, arbitration, or any other proceeding against AT&T relating to the Released Claims. Individuals in the Settlement Classes who timely and validly opt-out of the Settlement do not release their individual claims and will not obtain any benefits under the Settlement.

16. **<u>Objections to the Settlement:</u>** The Notice shall also provide that any Settlement Class Member who does not opt-out from the Settlement Classes may object to the Settlement and/or the Applications for Attorneys' Fees, Costs, and Service Awards. Objections must be mailed to the Clerk of the Court and filed on the Court's docket and mailed to the Settlement Administrator, Class Counsel, and AT&T's Counsel. For an objection to be considered by the Court, the objection must be submitted on behalf of a Settlement Class Member no later than October 17, 2025

(the Objection Deadline). When submitted by mail, an objection shall be deemed to have been submitted when posted if received with a postmark date indicated on the envelope if mailed first-class postage prepaid and addressed in accordance with the instructions. If submitted by private courier (e.g., Federal Express), an objection shall be deemed to have been submitted on the shipping date reflected on the shipping label. Any Settlement Class Member who does not make their objections in the manner and by the date set forth in the Agreement shall be deemed to have waived any objections and shall be forever barred from raising such objections in this or any other action or proceeding, absent further order of the Court.

17. For an objection to be considered by the Court, the objection must also set forth:

  a. the objector's full name, mailing address, all AT&T telephone number(s), current telephone number; and for former AT&T customers all AT&T account number(s), and email address (if any) or an attestation that the former customer is unable to obtain their AT&T account number(s) or email address (if any);

  b. all grounds for the objection, accompanied by any legal support for the objection known to the objector or objector's counsel;

  c. the number of times the objector has objected to a class action settlement within the five years preceding the date that the objector files the

objection, the caption of each case in which the objector has made such objection, and a copy of any orders related to or ruling upon the objector's prior objections that were issued by the trial and appellate courts in each listed case;

        d.   the identity of all counsel who represent the objector, including (1) any former or current counsel who may be entitled to compensation for any reason related to the objection to the Settlement and/or Application/s for Attorneys' Fees, Costs, and Service Awards; (2) a description of the counsel's legal background and prior experience in connection with class action litigation; (3) a statement regarding whether fees to be sought will be calculated on the basis of a lodestar, contingency, or other method; (4) an estimate of the amount of fees to be sought; (5) the factual and legal justification for any fees to be sought; (6) the number of hours already spent by the counsel; and (7) an estimate of the hours to be spent in the future; and the attorney's hourly rate.

        e.   the number of times in which the objector's counsel and/or counsel's law firm have objected to a class action settlement within the five years preceding the date of the filed objection, the caption of each case in which counsel or the firm has made such objection and a copy of any orders related to or ruling upon counsel's or the counsel's law firm's prior objections that were issued by the trial and appellate courts in each listed case in which the objector's counsel and/or counsel's law firm have objected to a class action settlement within the preceding

five years;

      f.    the identity of all counsel (if any) representing the objector who will appear at the Final Approval Hearing;

      g.    four dates between the deadline for objections and a date two weeks before the Final Approval Hearing, during which the objector is available to be deposed by counsel for the Parties;

      h.    a list of all persons who will be called to testify at the Final Approval Hearing in support of the objection (if any);

      i.    a statement confirming whether the objector intends to personally appear and/or testify at the Final Approval Hearing; and

      j.    the objector's signature (an attorney's signature is not sufficient).

Class Counsel and/or AT&T's Counsel may conduct limited discovery, including taking depositions, on any objector or objector's counsel, including taking depositions.

    18.    **<u>Motion for Final Approval and Application/s for Attorneys' Fees, Costs, and Service Awards:</u>** Class Counsel intend to seek an award of up to one-third of their respective Settlement Funds as attorneys' fees, as well as reimbursement of reasonable litigation costs, and Service Awards for the Class Representatives in the amount of $1,500.00 each to be paid from the respective

Settlement Funds. These amounts appear reasonable, but the Court will defer ruling on those awards until the Final Approval Hearing when considering Class Counsel's Application/s for Attorneys' Fees, Costs, and Service Awards.

19. Class Counsel shall file their Motion for Final Approval and Application/s for Attorneys' Fees, Costs, and Service Awards no later than October 3, 2025. At the Final Approval Hearing, the Court will hear argument on Class Counsel's request for attorneys' fees and costs and Service Awards for the Class Representatives. In the Court's discretion, the Court also will hear argument at the Final Approval Hearing from any Settlement Class Members (or their counsel) who object to the Settlement or to the Application(s) for Attorneys' Fees, Costs, and Service Awards, provided the objector(s) submitted timely objections that meet all of the requirements listed in the Settlement and in this order.

20. **Termination:** If the Settlement is terminated, not approved, canceled, fails to become effective for any reason, or the Effective Date does not occur, this order shall become null and void and shall be without prejudice to the rights of Plaintiffs, the Settlement Class members, and AT&T, all of whom shall be restored to their respective positions in the Action as provided in the Agreement.

21. **Stay:** All pretrial proceedings in this Action are stayed and suspended until further order of this Court, except such actions as may be necessary to implement the Settlement and this Preliminary Approval Order.

22. Upon the entry of this order, with the exception of Class Counsel's, AT&T's Counsel's, AT&T's, and the Class Representatives' implementation of the Settlement and the approval process in this Action, all members of the Settlement Classes, shall be provisionally enjoined and barred from asserting any claims or initiating or continuing in any litigation or arbitration against AT&T and/or the Released Parties arising out of, relating to, or in connection with the Released Claims prior to the Court's decision as to whether to grant Final Approval of the Settlement.

23. **Jurisdiction:** For the benefit of the Settlement Classes and to protect this Court's jurisdiction, this Court retains continuing jurisdiction over the Settlement proceedings to ensure the effectuation thereof in accordance with the Settlement preliminarily approved herein and the related orders of this Court.

24. **Final Approval Hearing:** The Court will hold a Final Approval Hearing on **Wednesday, December 3, 2025, at 9:00 a.m.** The Final Approval Hearing will be conducted for the following purposes: (a) to finally determine whether the proposed Settlement, on the terms and conditions provided for in the Settlement, is fair, reasonable, and adequate, and should be approved by the Court; (b) to determine whether an order of Final Judgment should be entered dismissing the Action on the merits and with prejudice; (c) to determine whether the proposed plan of allocation and distribution of the Settlement Fund is fair and reasonable and should be approved; (d) to determine whether any requested award of attorneys' fees

and costs to Class Counsel and Service Awards to the Class Representatives should be approved; and (e) to consider any other matters that may properly be brought before the Court in connection with the Settlement. The Court may elect to hold the Final Approval Hearing virtually by Zoom or some other application, and if it does, the instructions on how to attend shall be posted by the Settlement Administrator on the Settlement Website.

(*This space left blank intentionally; order continues on next page*).

25. **Schedule:** The Court hereby sets the following schedule of events:

| Event | Deadline |
|---|---|
| **Class Lists delivered to Settlement Administrator** | June 30, 2025 |
| **Notice Program Commencement** | August 4, 2025 |
| **Notice Program Complete** | October 17, 2025 |
| **Deadline to file Motion for Final Approval and Application/s for Attorneys' Fees, Costs, and Service Awards** | October 3, 2025 |
| **Opt-Out Deadline** | October 17, 2025 |
| **Objection Deadline** | October 17, 2025 |
| **Reminder Email Deadline** | October 29, 2025 |
| **Deadline to Respond to Objections** | November 18, 2025 |
| **Deadline to Submit Claim Forms** | November 18, 2025 |
| **Final Approval Hearing** | **Wednesday, December 3, 2025, at 9:00 a.m., Central Standard Time** |

(*This space left blank intentionally; order continues on next page*).

26. The Court further acknowledges the following scheduled events as agreed by the Parties:

| Event | Deadline |
|---|---|
| **Last day for AT&T to fund the initial portion of the AT&T 1 Escrow Account and the AT&T 2 Escrow Account.** | July 3, 2025 |
| **Last day for AT&T to provide Plaintiffs with a confidential written attestation outlining steps to further secure customer information.** | July 18, 2025 |
| **Final Report of Settlement Administrator regarding the number of written requests for exclusions and other items.** | October 22, 2025 |
| **Last day for Defendants to notify Class Counsel and the Court of their intent to terminate this Agreement if a specified number of Settlement Class members opt-out of the Settlement** | October 31, 2025 |
| **Deadline to reply claim deficiency letter and provide requested information.** | November 18, 2025, or 20 days from date Notice of Deficiency sent, whichever is later |
| **Settlement Administrator to provide report summarizing number and breakdown of claims.** | November 21, 2025 |
| **Settlement Administrator to provide declaration regarding results of Notice Program.** | November 26, 2025 |

(*This space left blank intentionally; order continues on next page*).

27. Before the Court is Movants Osa Massen, Audrey Jones, and Susan Savala's Motion to Intervene and in Opposition to Preliminary Approval of Class Action Settlement. (ECF No. 297). The Court has reviewed this Motion to Intervene and determined that it should be denied at this time—without prejudice. (ECF No. 297).

**SO ORDERED this 20th day of June, 2025.**

_____
Ada E. Brown
UNITED STATES DISTRICT JUDGE